CATHERINE DONOHUE, as Administratrix of the Estate of JOHN DONOHUE, Deceased, Respondent, *v.* CITY OF NEW YORK et al., Defendants, and JAMAICA WATER SUPPLY COMPANY, Appellant.

Argued June 1, 1937; decided July 13, 1937.

*Jackson A. Dykman* and *Jules Haberman* for appellant. *Frank L. Tyson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: LEHMAN, O'BRIEN, LOUGHRAN and RIPPEY, JJ.; CRANE, Ch. J., dissents in the following opinion, in which HUBBS and FINCH, JJ., concur:

CRANE, Ch. J. (dissenting). The Jamaica Water Supply Company dug a ditch across One Hundred and Twenty-second street at One Hundred and Ninth avenue in the borough of Queens, city of New York. It was about six feet deep, the dirt being thrown up on its south side making a pile three and a half feet high. The grade of the street was being lowered by others and the company was lowering its water main. The New York

Code of Ordinances, chapter 23, article 1, section 3, subdivision 1, provides: " Every person engaged in digging down or paving any street, or building therein any sewer, drain or trench for any purpose * * * shall erect such a fence or railing about the excavation or work as shall prevent danger to persons traveling the street * * *."

The company had no fence or railing along or about this trench; there was the pile of dirt three and a half feet high to guard approach from the south and an electric light on the northeast corner of the intersecting streets. The plaintiff's witnesses say there were red lights at each end of the trench, and the defendants' witnesses say that there were three others in the middle of One Hundred and Twenty-second street. As to the lights, therefore, there is conflicting testimony. A railing sufficient to " prevent danger to persons *traveling* the street " would not be sufficient to prevent children at all times from playing on the dirt or about the trench. The ordinance did not require a fence or railing to keep children out or away from the place (*Johnson* v. *City of New York*, 208 N. Y. 77), nor of such strength as to make it impossible for any one to drive into the opening; the fence or railing was intended to be a protection or warning to travelers on the street using reasonable care. The ordinance, had no application to one who drove deliberately or intentionally into or over the trench nor to one so drunk that he could not see where he was going.

John Donohue was twelve years old. About seven o'clock in the evening of October 4, 1932, he was playing in and about this trench when an automobile came through One Hundred and Twenty-second street from the south, ran over the pile of dirt and killed him. The driver disappeared.

If the driver were negligent and the company also negligent in not having guards or barriers to warn him of the trench, and this negligence contributed to the accident, then the plaintiff has a cause of action against either or both. On the other hand if the driver were

so drunk or intoxicated that the absence of a railing or guard did not play any part in the accident, did not contribute to it, then the driver alone was responsible. In other words, the company is not liable unless the absence of lights or guards was the cause or a contributory cause of the disaster. The negligence of the company toward travelers on the street would not make it liable for an accident due solely to the act of another.

The defendant offered evidence to show that one Michael McCormack was the driver of the automobile and was so intoxicated shortly before and after the accident that he could not drive properly. This evidence was excluded. This I think was error. The jury might have found that with an embankment three and a half feet high alongside the trench and an electric light almost over it, the driver because of his condition did not know what he was doing or where he was going and in consequence was solely responsible for the death of young Donohue. These at least were questions for the jury and the evidence should have been received.

The attorney for the respondent in his brief says that McCormack was indicted, tried and the case dismissed; that the People could not show that McCormack drove the car; further that he is dead and was never served with the summons in this case. All this has nothing to do with this defendant who may show by a preponderance of evidence, even if the People could not beyond a reasonable doubt, that McCormack was the driver and solely responsible for the occurrence.

The exclusion of this competent evidence should lead to a reversal of the judgment and to a new trial.

Judgment affirmed.